CHARLES E. ABBOTT, administrator, *vs.* GEORGE A. DOWNS & another.

Middlesex.   March 17, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Petition of Administrator to sell Real Estate of Intestate — Laches.*

In this case a petition to the Probate Court for license to sell the real estate of the intestate for the payment of debts and the charges of administration, brought nearly seventeen years after the petitioner was appointed administrator, was granted, the judge having found that one of the appellants who claimed title by deed took with full knowledge of all the equities, and that the petitioner had not been guilty of laches.

APPEAL from a decree of the Probate Court, allowing the petition of the administrator of the estate of Michael Dempsey to sell real estate of the intestate for the payment of debts and charges of administration.

Hearing before *Barker*, J., who reserved the case for the consideration of the full court, in substance as follows.

The petition, dated December 16, 1895, was to the Probate Court for the County of Middlesex, for license to sell, for payment of the debts of the intestate and charges of administration, real estate in Malden. A decree was entered on October 6, 1896, granting the license, from which an appeal was claimed by George A. Downs and Albert W. Cooke, both of Malden, which appeal was entered in this court on, November 2, 1896. The petitioner was appointed administrator on February 11, 1879. The inventory showed no personal estate, and real estate appraised at $250, being the real estate described in the petition, and an equity of redemption in a parcel of land adjoining, appraised as of no value above the mortgage thereon (now owned by said administrator) and accrued interest.

An account was filed by the administrator on June 23, 1885, showing amount received $2.93, and amounts paid out aggregating $52.27, which account was duly allowed. The list of debts accompanying the administrator's petition for license to sell included, in addition to a number of claims now barred by the statute of limitations, the balance due as shown by the account, and certain personal claims due from the intestate to the administrator, and claims for the charges of administration and the expenses of the suit in equity hereinafter mentioned; and the administrator afterwards received rents as mortgagee in possession of the last mentioned parcel of land, and the sum of fifty dollars from one Damon, a defendant in the equity suit, as costs.

On March 1, 1879, the administrator, having discovered that a mortgage, given by the intestate upon the real estate described in the petition and another parcel adjoining the same, was advertised to be foreclosed, and the real estate described in this petition to be sold on March 3, under the power of sale therein contained, for alleged breach of condition thereof, brought a bill in equity, claiming that the mortgage had been paid, and was discharged; and also that a certain deed of the real estate described

in the petition, absolute in form, given by the intestate to one Hill, was merely an equitable mortgage, and asking for leave to redeem the same, in order that it might thereafter be sold by him, as administrator, for the payment of said debts and charges. An interlocutory injunction, still in force, was entered on said March 1, restraining the foreclosures. The justice who heard the bill in equity found, on June 30, 1894, that the plaintiff had established his right to have the first mortgage cancelled and discharged, and to redeem from the equitable mortgage on payment of the amount found by the master and interest. The appellant Downs, who claimed by deed given in June, 1879, by Hill, to whom said deed absolute in form was given in 1878, was joined, by amendment, as a party defendant in the suit, and the appellant Cooke claimed title by virtue of a deed given thereafter by Downs, dated December 27, 1893.

The judge found that " said Cooke took said last mentioned deed with full knowledge of all the equities and under advice of counsel ; that the petitioner has been guilty of no laches in respect of the prosecution of either said suit in equity or said petition, or in the matter of filing his accounts in the Probate Court, or in procuring an adjustment of his personal claims ; that said estate is indebted to him for charges and expenses of administration and for certain personal claims, and there is no personal estate of said intestate sufficient to pay said claims and charges ; that by a partial sale the residue of said estate described in said petition would be greatly injured ; and that there was not sufficient time, after the discovery by said administrator of said attempt to foreclose said mortgage, to procure from the Probate Court a license to sell said real estate before commencing said suit in equity."

*C. C. Smith,* for the appellants.

*S. H. Tyng,* for the petitioner.

HOLMES, J.   This is a petition by an administrator for leave to sell real estate for the payment of debts. The petition was granted by the Probate Court, and an appeal was taken by Downs and Cooke who set up a title in Cooke coming from the intestate by deeds absolute in form. In a suit between the present parties in which a final decree has not yet been entered, it has been found that the conveyance by the intestate was only a

mortgage in equity, and that the petitioner is entitled to redeem. It is not necessary to consider whether under these circumstances the appellants have a *locus standi*, as we are of opinion that in any event the petition must be granted.

The only objection to the petition is that all debts due from the estate, except what is due to the petitioner, are barred long since, and that he has been guilty of laches in waiting so long, the estate meantime having changed hands. But it is found that Cooke took with full knowledge of all the equities, and under advice of counsel, and it also is found as a fact that the petitioner has been guilty of no laches. We read the finding as applying to the filing of the petition for leave to sell, as well as to the prosecution of it when filed. The evidence is not reported, and therefore, unless we could say, as matter of law, that whatever the circumstances there must have been laches in waiting so long, the petition must be granted. *Ames* v. *Jackson*, 115 Mass. 508, 511. It is impossible for us to lay down so sweeping a proposition. It follows that the petition must be granted in respect of the debt due the petitioner, although not of course, in respect of the debts due to others, and barred by the statute of limitations.                                   *Decree affirmed.*