FREDERIC B. HOLDER *vs.* HYMAN N. HILLSON & another.

Suffolk.    January 26, 1898. — March 3, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Composition Proceedings — Laches — Statute — Equity — Pleading.*

In this case, which was a bill in equity praying that the court would order a meeting of the creditors of an insolvent debtor for the proof of claims, the court said that, even were it in its power so to do, the bill might well be dismissed on demurrer on the ground of the plaintiff's failure to aver due diligence, or an excuse for the want of it.

If a creditor fails to present his claim at a hearing conformably to the provisions of St. 1890, c. 387, entitled "An Act relating to composition with creditors in insolvency," he loses his right to have it proved, and the debtor, or person depositing the money with the register, is entitled to have the money refunded.

BILL IN EQUITY, filed November 9, 1897, praying that an order issue to the register of insolvency for the county of Suffolk, directing him to hold certain money and notes deposited with him in the case of Hyman N. Hillson, an insolvent debtor, as a dividend in composition on the plaintiff's claim until the final disposition of the proceeding or until the further order of the court, and that a meeting be ordered of the creditors of Hillson, at which creditors, on September 7, 1893, might prove their claims. The defendant demurred, assigning as grounds therefor: 1. Want of equity; 2. That the claim had become barred by St. 1890, c. 387, entitled "An Act relating to composition

with creditors in insolvency "; 3. Want of jurisdiction; 4. Want of allegation that the court of insolvency had failed to perform every requirement of law. *Allen*, J. sustained the demurrer; and the plaintiff appealed to the full court. The facts appear in the opinion.

*G. C. Abbott*, for the plaintiff.

*J. H. Blanchard*, (*A. S. Cohen* with him,) for the defendants.

KNOWLTON, J. This is a bill in equity brought under the supervisory jurisdiction of this court, given by the Pub. Sts. c. 157, § 15, in cases before courts of insolvency. The questions arise on a demurrer to the bill. The plaintiff states in the bill that the defendant Hillson filed a voluntary petition in insolvency on September 7, 1893; that he was then indebted to the plaintiff in the sum of $3,565.86, and acknowledged the indebtedness by so stating it in his schedule of creditors filed in the court of insolvency; that he filed an offer of composition by which his creditors were to receive forty per cent of their respective claims, which offer was confirmed; that money and notes were duly deposited in the registry of the court to make the payments according to the terms of the offer; and that a discharge was subsequently granted to the debtor. The plaintiff's claim is alleged to have been founded in part upon an account for merchandise, and in part upon four promissory notes, amounting in the aggregate to $2,936.32, which open account was duly proved and allowed against the insolvent debtor, and which notes have not been proved. It is further averred " that all the meetings specially provided for by law have been held in said insolvency case, and no additional meetings can be held except by a special order of court." It is stated that on November 8, 1897, the plaintiff presented his petition to the court of insolvency, praying that the court would order a meeting of the creditors of the insolvent debtor, at which creditors might be allowed to prove their claims, and that, upon hearing, his petition was dismissed. The prayer of the bill is that such a meeting be ordered, and that the register in insolvency be directed to hold the money and notes deposited in his custody as a dividend in composition on the claim of the plaintiff until the further order of the court.

The statutes make special provisions for the calling of meet-

ings by the judge of the court of insolvency, and prescribe the times for such meetings. Pub. Sts. c. 157, §§ 17, 76, 80. St. 1884, c. 236, § 3. St. 1885, c. 353, § 2. St. 1890, c. 387. If other meetings may be called which are not provided for in these statutes, which we do not decide, they can only be called when good reasons therefor are shown to the court. If the plaintiff wished to prove his notes, he should have presented them for proof at some of the meetings regularly held. The bill shows no reason or excuse for his failure seasonably to present them. The only reference to the subject in the bill is the statement " that the plaintiff has not been sleeping on his rights, and that a proceeding to permit the plaintiff to alter his claim already allowed, so as to include the said notes, was pending until November 8, 1897, but was finally disposed of on that day." But this does not inform the court that there was a good excuse for the failure to offer the proof at the proper time, or that the plaintiff is not guilty of negligence or laches which the other facts disclosed by the bill indicate. If it were in the power of the court now to call a meeting at which the notes could be effectively proved, the bill might well be dismissed on demurrer, on the ground of the plaintiff's failure to aver due diligence, or an excuse for the want of it. *Peabody* v. *Flint*, 6 Allen, 52. *Dumphy* v. *Traveller Newspaper Association*, 146 Mass. 495, 500.

Another conclusive answer to the plaintiff's suit is found in the St. of 1890, c. 387, which was enacted to provide for unsecured claims included in the debtor's schedule of creditors which remain unproved at the time of the deposit with the register, and which requires that the deposit shall include a dividend at the rate proposed on all such unproved claims, computed on the amount set forth in the schedule, and requires the court, after the expiration of five months and before the expiration of six months from the time of the first hearing on the debtor's proposal for a composition, to order a hearing for the proof of such unproved claims. On proof and allowance of claims at such hearing, the court is to order dividends to be paid on them at the rate allowed on debts formerly proved, " and the money deposited on claims then remaining unproved shall then be refunded to the debtor or person depositing the same." This provision for the proof of such claims to receive their dividends

from the deposit excludes any right to enforce them otherwise. On the failure of the plaintiff to present his claim at that hearing he lost his right to have it proved, and the debtor or person depositing the money with the register became entitled to have the money refunded. As there can be no proof which will be available in any other way after the return of the deposit, it follows that the bill cannot be maintained.

*Decree affirmed.*