VALENTINE DOANE *vs.* ALBERT F. PRESTON & others.

Barnstable.  March 13, 1903.;— June 18, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Equity Jurisdiction*, Laches, Conjectural damage.

A bill in equity by a stockholder in a shoe machinery corporation against the corporation and four persons alleged to be its directors, officers and controlling stockholders, sought to hold the individual defendants liable for losses alleged to have been suffered by the corporation from the failure of the directors, six years before the filing of the bill, to accept an offer made by a certain firm, engaged in the manufacture of shoes, that they would, if granted an exclusive right to do so, manufacture and sell or lease, for a term of five years, certain machines under letters patent held by the corporation, supply all capital needed ·for the business and pay the corporation one third of the net earnings of the business during the term and one half of the net proceeds received from certain machines then owned by the corporation. There was no allegation that the plaintiff did not have full knowledge of all the facts at the time of their occurrence, and there was no allegation that the machines to which the offer related were ever in use or that there was any demand for such machines. On demurrer *held*, that the plaintiff's delay in bringing his bill was unreasonable and that it should be dismissed on the ground of laches, *also*, that the bill should be dismissed on the ground that the damages sought to be recovered were wholly conjectural, there being no means of showing that the venture if entered upon would have been a success.

BILL IN EQUITY, filed June 30, 1902, by a stockholder in the Preston Lasting Company, a corporation organized under the laws of the State of Maine, for the purpose of manufacturing, selling and otherwise disposing of machines for lasting boots and shoes made under certain letters patent owned by it, and Albert F. Preston, William B. White, Charles H. Drew and Henry L. Houghton, alleged to be the directors, officers and controlling stockholders of that corporation, to hold the individual defend-

ants liable for losses alleged to have been suffered by the corporation from the failure of the directors to accept on or about June 30, 1896, an offer of Joyce and Fletcher, a firm engaged in the manufacture of shoes at Brockton, being responsible parties and doing a large business, that if the corporation would convey to them the exclusive right and license under the letters patent owned by the corporation, for a term of five years from June 1, 1896, to manufacture and sell or lease machines made under the letters patent, the said Joyce and Fletcher would agree to begin at once and thereafter to prosecute as vigorously as possible the business of manufacturing and selling or leasing such machines, parts and appurtenances for said term of five years, supply all capital needed for the business, hold the Preston Lasting Company harmless from all contracts, bills or engagements from and under the date of the agreement between the parties and during the term, and would pay to the corporation thirty-three and one third per cent of all the net earnings of the said business during the term, rendering proper and suitable accounts thereof; and would further pay the corporation fifty per cent of the net proceeds received from certain machines then owned by said company. The bill prayed that an account might be taken of the losses suffered by the corporation, including loss of profits and. damages, by the acts of the defendant directors, and that they might be decreed to pay the amount thereof, and for such further and other relief as justice might require.

The defendants demurred to the bill, and for causes of demurrer alleged: " 1. That the plaintiff has not stated such a case as entitles him to any relief in equity against these defendants or either of them. 2. That the plaintiff has not stated such a case as entitles him to bring this bill in his own name. 3. That in and by the plaintiff's bill it is nowhere averred that the individual defendants as directors of the Preston Lasting Company had any power or authority to accept the offer of Joyce and Fletcher. 4. Because it does not appear in and by the bill that Joyce and Fletcher ever withdrew their offer. 5. Because it does not appear in and by the bill that the damages for the defendants' failure to accept the offer of Joyce and Fletcher can be computed with reasonable certainty. 6. Because the profits which would have accrued to the defendant corporation from the ac-

ceptance of the offer of Joyce and Fletcher are speculative, uncertain and contingent and cannot be computed with reasonable certainty."

The Superior Court made a final decree sustaining the demurrer and dismissing the bill with costs to be paid by the plaintiff to the defendants. The plaintiff appealed.

*H. P. Harriman & J. F. Neal*, for the plaintiff.

*A. M. Lyman & P. G. Bolster*, for the defendants.

BARKER, J. The bill is founded upon an alleged wrongful neglect of the officers of the defendant corporation to act upon or to accept an alleged offer to them in its behalf. The offer is said to have been that in consideration that the corporation would convey to a certain firm the exclusive right and license to manufacture, lease or sell machines made under letters patent owned by the corporation, for a term of five years from June 1, 1896, the firm would agree to begin at once and thereafter to prosecute as vigorously as possible the business of manufacturing and selling or leasing such machines, parts and appurtenances, for said term of five years, would supply all capital needed for said business, would hold the corporation harmless from all contracts, bills or engagements from and under the date of the agreement and during said term, and would pay to the corporation one third of all the net earnings of the business during the term, and would further pay it one half of the net proceeds from certain machines then owned by the corporation.

After answers denying all knowledge of any such offer on the part of the officers and denying all wrongful action or neglect to act in the matter on their part, the case was heard upon demurrers in the Superior Court, the demurrers were sustained and the bill dismissed, whereupon the case was brought here by the plaintiff's appeal.

1. It must be inferred from the allegations of the bill, which was filed on June 30, 1902, six years after the term of five years was to begin, that the wrongful acts alleged began before June 1, 1896.

Making a liberal allowance for what by possibility might have been a reasonable time within which the alleged offer should have been accepted, if at all, the wrong alleged must have been completed at least five years before the bill was filed, while the

more natural inference is that the neglect occurred if at all before June 1, 1896. There is no allegation that the plaintiff did not have full knowledge of all the facts at the time of their occurrence. If the facts alleged in the bill as an excuse for not having sought redress through an application to the officers or the corporation itself are enough to excuse the lack of such an application, a question upon which we express no opinion, they were all in existence and known to the plaintiff from the beginning.

In our opinion the plaintiff's delay in not bringing his bill until June 30, 1902, was unreasonable, and the demurrer should be sustained upon the ground of laches. *Peabody* v. *Flint*, 6 Allen, 52, 57. *Holder* v. *Hillson,* 170 Mass. 466. The bill if entertained would require an investigation as to an alleged offer made more than six years before the suit was begun, which does not appear to have been in writing, as well as of the conduct and motives of persons with reference to that offer, and of the state and condition at that time of a branch of manufacture in which new inventions play an important part. The plaintiff's charges should have been promptly made, if made at all, in a court of equity.

2. The bill shows that the damages sought to be recovered are wholly conjectural. The firm which is alleged to have made the offer was one engaged in the manufacture of shoes, while that in which it offered to engage was that of the manufacture, leasing and sale of patented machinery. There is no allegation that such machines as the firm offered to prosecute as vigorously as possible the manufacture, sale or lease of, were ever in use, profitable or otherwise, or that there was any demand for such machines. Whether as is alleged the contract if made would have been an advantageous one to the corporation goes to the foundation of the action, and yet is not a matter susceptible of such proof as the law requires when asked to compel the payment of damages. *Todd* v. *Keene*, 167 Mass. 157, and cases cited. In our opinion there were no means of showing that the venture if entered upon would have been a success.

> *Order sustaining demurrer, and decree dismissing bill affirmed.*