CHARLES H. DUNNING vs. THEODORE C. BATES & another.

Suffolk.    January 21, 1904. — June 21, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Equity Jurisdiction*, Laches, Acquiescence, Accounting.    *Equity Pleading and Practice*, Parties.    *Corporation*.

In a suit in equity for an accounting, by a bondholder for himself and other bondholders against trustees appointed by the bondholders to enforce the mortgage securing the bonds and turn over the property to a new corporation to be organized for the purpose, if the plaintiff was ignorant of the matters complained of and had no notice to put him on inquiry until shortly before the filing of his bill, there can be no defence of laches, nor is it a defence that in such ignorance he accepted securities of the new corporation in satisfaction of his claim.

In a suit in equity for an accounting, by a bondholder for himself and other bondholders against trustees appointed by the bondholders to foreclose the mortgage securing the bonds and turn over the property to a new corporation to be organized for the purpose, alleging that such a corporation was formed but that the defendants failed to turn over to it a part of the proceeds of the property that came into their hands as trustees, and were guilty of negligence or misfeasance causing loss to the plaintiff, the new corporation is not a necessary party. HAMMOND & BRALEY, JJ. dissenting.

KNOWLTON, C. J.    The plaintiff was the holder of certain bonds, a part of an issue amounting to $1,000,000, at their face value, which were secured by mortgages of land in Missouri, and were known as the bonds of the North Side Land and Mortgage Company.    Default having been made in the payment of principal and interest due on these bonds, the defendants were appointed trustees to obtain a foreclosure of the mortgages, and to organize a new corporation to buy the lands and hold them for the benefit of the original bondholders, who were to become the stockholders of the new corporation.    The defendants have executed the trust in most particulars, but the

plaintiff alleges that they have failed to account for a part of the proceeds of the property that came into their hands, and that they have been guilty of negligence or misfeasance in the performance of their duties, whereby he and the other bond-holders whom they represented have failed to receive all that they were entitled to. He brings this bill for himself and such other of the original bondholders as shall become parties thereto, and prays for an account, and that the balance found due shall be paid to the plaintiff, and the others in whose behalf this suit is brought. The defendants demurred, and stated as grounds of the demurrer, want of equity, laches, the want of proper parties, and that the plaintiff had accepted the securities of the new corporation in full satisfaction of his bonds of the North Side Land and Mortgage Company. The demurrer was sustained, and the case is here upon the plaintiff's appeal from the decree sustaining the demurrer and dismissing the bill.

The defence of laches and that the plaintiff has accepted the securities of the new corporation in full satisfaction of his claims, is met by the averments of the bill that " until on or about the 11th day of June, 1902, the plaintiff was wholly ignorant of the matters herein complained of, and had no knowledge thereof, and no reason to be put upon any inquiry thereof, but believed that the defendants had faithfully administered their said trusts, . . . and that, immediately upon the discovery of the matters herein complained of, the plaintiff made a written demand upon the defendants and each of them, for an account," etc.

The most important questions raised by the demurrer are whether the North Kansas City Land and Improvement Association, the new corporation, is a necessary party to the bill, and whether the right sought to be enforced is the right of that corporation, and not of the plaintiff and his associates. This last question is not necessarily whether there is a right founded on the alleged neglect or misfeasance which may be enforced by the new corporation ; but whether there is such a right which belongs to the plaintiff and his associates, and which may be enforced by them. On this part of the case, we are of opinion that the plaintiff's contention is correct. The defendants were trustees by appointment of the original bondholders ; the plaintiff and his associates are the *cestuis que trust* to whom they are

accountable. They on one side and the defendants on the other were the only parties to the contract or arrangement on which the rights of the parties depend. The organization of a new corporation was to be a part of the machinery which they devised, by which to serve the interests of the bondholders. This corporation to be created was not a party to the trust, and cannot be made a party to the trust, for it was not in existence when the trust was created. *Abbott* v. *Hapgood*, 150 Mass. 248, 252, and cases there cited. Neglect or misfeasance of the trustees is a breach of duty toward the *cestuis que trust*, for which they are entitled to a remedy directly against the trustees, under the agreement to which they and the trustees were the only parties. A failure to turn over to the new corporation all that ought to be turned over is not a breach of contract with the new corporation. It is a breach of contract with the bondholders, and an abuse of their trust and confidence. We have no doubt that the bondholders may proceed directly against the trustees to obtain a remedy for a failure to account in a case of this kind. This seems to have been assumed without question in other somewhat similar cases. *King* v. *Barnes*, 109 N. Y. 267. *White* v. *Wood*, 129 N. Y. 527. *Coppell* v. *Hollins*, 91 Hun, 570. *Matthews* v. *Murchison*, 15 Fed. Rep. 691. *First National Bank of Chattanooga* v. *Radford Trust Co.* 80 Fed. Rep. 569. *Venner* v. *Fitzgerald*, 91 Fed. Rep. 335.

The question whether the new corporation should be a party to this suit, depends upon whether the corporation, as an independent entity, has any standing in reference to this trust, except as the creature of it, representing no one but the bondholders. It seems that it is but an instrument, created solely for their use and benefit. No one else has any interest or ownership in it. Such as it was, it passed into their hands as stockholders. If any of the stock has since been sold, the purchasers took it as it was, and acquired no interest in property which, as between the plaintiff and the defendants, ought to have been turned over to it, but was not. The price which they paid for their stock, presumably, was founded on the condition of the corporation as it was, not upon what it might have been if these defendants had performed their whole duty. This corporation has been in existence almost six years. It would be an injustice to the

original stockholders, the *cestuis que trust*, if, having held their stock for years, and then having sold it to persons who had no rights under the trust, these persons could now come in and acquire, through the corporation, that which the corporation never owned, and that which should have benefited the bond-holders by making the corporate property more valuable than it was when the stock was sold. The corporation not having been in existence, and not having been a party to the trust arrange-ment, and having no relation to it except as it was held and used for the *cestuis que trust*, for their own benefit, and the new stockholders by purchase, if there are any, not having succeeded to the rights of the *cestuis que trust* under the original arrange-ment, but only to their property as stockholders in the corpora-tion as it then was, we see no interest which the corporation as an independent party has in this suit, or which its stockholders who were not originally bondholders have as stockholders. Full justice will be done if the *cestuis que trust* receive, in that rela-tion, that which otherwise they would have received as stock-holders, if the trust had been properly administered.

*Decree reversed; demurrer overruled.*

HAMMOND, J. I dissent from so much of the foregoing opin-ion as respects the question raised by the demurrer whether the North Kansas City Land and Improvement Association is a nec-essary party to this bill.

Here was a trust by the terms of which the property coming to the hands of the trustees was to go to a corporation thereafter to be formed. The property came to the hands of the trustees, the corporation was formed and its stock was issued to the vari-ous bondholders in accordance with the terms of the trust. This bill is brought by one of the bondholders for himself and such other bondholders as shall become parties thereto. It alleges in substance that the trustees have not conveyed to the corporation all the property, but have fraudulently kept or diverted some of it, and asks for an accounting and that the trustees may be or-dered to convey to the plaintiff property which under the terms of the trust should have been conveyed to the corporation.

It is to be noted that the plaintiff has not repudiated the trust. On the contrary he received his proper share of the stock of the

new corporation, and the whole framework of the bill is to enforce a trust. It seems plain to me that under these circumstances the corporation as *cestui que trust*, and not the plaintiff, is entitled to the property which under the terms of the trust was to be conveyed to it, that as such *cestui que trust* it could maintain a bill to get it, and that therefore it should be made a party to this suit. To me it seems to be no answer to this to say that the corporation was no party to the original agreement, and indeed was not in existence at the time the trust was created. The proposition that a *cestui que trust* not in being at the time of the creation of the trust, or not a party to it at that time, should for that reason not be made a party to a suit brought, not in repudiation of the trust but to enforce the obligations of the trustees under it and affecting the rights of such a *cestui que trust*, seems to me utterly inconsistent with the principles of equity as daily administered in trusts created either by deed or by will. The true test of course is not whether the person whose rights are to be affected was one of the creators of the trust or in being when it was created, but whether during the continuance of the trust he has or may have a beneficial interest under it as *cestui que trust*.

Much less does it seem to me to be an answer to say that there has been or may have been a change in the personnel of the stockholders of the *cestui que trust*. The rights of the corporation are measured by the terms of the trust and not by the character or personnel of its stockholders.

Of course I do not mean to say that the plaintiff cannot call the trustees to account. Where the object does not affect the rights of any other *cestui que trust* than the plaintiff the bill undoubtedly may be maintained without joining the *cestui que trust* not concerned in the subject matter; but where, as in this case, the plaintiff seeks to hold the trustees upon the ground that they have not conveyed to the corporation, which is a *cestui que trust*, some portion of the property which by the terms of the trust they should have conveyed to it, a question is raised in which the corporation is interested; and unless it is made a party to this suit it is not bound by the final decree and can maintain an action to have the property conveyed to it in accordance with the terms of the trust. Thus the defendants may

be obliged to meet two suits upon the same subject matter. In my judgment the only proper course is to make the corporation a party. Then a decree can be made which will place the property in accordance with the terms of the trust, and will work a final settlement among all parties interested.

I am authorized to state that Mr. Justice BRALEY concurs in this dissent.

The case was argued at the bar in January, 1904, before *Knowlton*, C. J., *Lathrop, Barker, Hammond,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices except *Loring,* J.

*A. R. Weed,* for the plaintiff.

*W. B. Farr,* for the defendant Theodore C. Bates.