N. ALLEN LINDSEY & others *vs.* MARY P. FABENS, administratrix, & others.

Suffolk. March 28, 29, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Equity Jurisdiction,* Laches.

A bill in equity to set aside a conveyance of land for alleged fraud, filed more than twenty-eight years after the conveyance, more than ten years after the plaintiffs knew the facts relied on to show fraud, and after both of the parties to the conveyance have died, must fail by reason of laches, and it does not matter that the conveyance was made by an executrix who also was life tenant of the land, and that the bill was filed by the remaindermen within three years of her death, since her deed as executrix conveyed a title paramount not only to the life estate but also to the estate in remainder.

BILL IN EQUITY, filed March 5, 1904. Among the facts found by a master were the following: The widow of Ambrose Allen by his will was given a life estate in certain land and was appointed executrix. The plaintiffs were the remaindermen, and sought to have set aside a sale and conveyance by the executrix in August, 1875, to her attorney to secure a debt owed him by her and the estate. She died on February 24, 1901. Her attorney died on October 24, 1903. The master found, among other facts, that the plaintiffs had known the facts upon which they relied since 1894, but were not guilty of laches, and in the Superior Court *Hardy,* J. overruled, among other exceptions, the defendants' exception to that finding, but dismissed the bill with costs. The plaintiffs appealed.

*E. V. Grabill,* for the plaintiffs.

*N. N. Jones,* (*H. A. Guiler* with him,) for the defendants.

HAMMOND, J.   Upon the death of Ambrose Allen in 1873, his widow became seised under his will of a life estate in the land in question, while the remainder in fee passed as undevised property to his heirs at law, both estates being subject of course to the rights of creditors of the deceased.   The Probate Court authorized the sale of the land for the payment of the debts of the deceased, and in full compliance with such authority and with the forms prescribed by the statutes the sale was made to William C. Fabens, and a deed of the land dated August 7, 1875, was delivered to him by the executrix, acting under this authority.   Under this deed Fabens took possession, and ever afterwards held the estate.   This deed conveyed the legal title to the whole land, and if valid gave to Fabens a title paramount both to the life estate and the estate in remainder.   Its validity is now attacked by the plaintiffs upon the ground of fraud, but the master has found no fraud except that which arises in law from certain facts set forth in the report concerning the arrangement made between the executrix and the purchaser with reference to the sale, and concerning the relation sustained between them.

We have not found it necessary to go minutely into the various questions raised by the exceptions to the master's report, because we think that the plaintiffs have been guilty of laches; that the defendants' ninth exception that such laches was a bar to this action should be sustained, and that the decree dismissing the bill should be affirmed upon that ground.

The injury of which the plaintiffs complain was committed by the deed of August, 1875.   This bill was filed March 5, 1904, more than twenty-eight years after the act complained of.   It is to be noted that this is not an act of a tenant for life made in derogation of the title of the remainderman, as for instance a deed in fee simple by the tenant for life.   Such a deed would operate only to convey the life estate of the grantor and would have no legal effect whatever upon the title of the remainderman.   His title is in no way affected.   No harm is done to him until after the termination of the life estate.   If the grantee then asserts a claim under the deed to the estate in remainder the harm to the owner of such estate begins.   Then comes for the first time the attack which the remainderman should heed.

But in the case at bar the attack was made upon the estate in remainder when the deed was delivered to Fabens.   The deed purported to convey a title paramount not only to the life estate, but also to the estate in remainder, and if executed according to law, actually had that effect.   The wrong, if any, was committed then.   The deed conveyed the legal estate, and there was outstanding in the tenant for life and the remaindermen the equitable right to have it avoided for fraud, if fraud there was.   For this purpose it was not necessary for the remaindermen to wait until the termination of the life estate.   Whatever may have been the rights of the parties to take proceedings at common law, it is clear that at any time within the twenty-eight years and more during which the plaintiffs and their predecessors in title have waited, this suit could have been brought, and unless barred by laches the rights of the parties could have been settled.   The facts found by the master show that this inactivity was not due to lack of knowledge of the situation.   Ten years before this bill was filed, namely, in February, 1894, at a trial of a real action brought by the heirs of Ambrose Allen against the said William C. Fabens, to recover this land, the main facts now relied upon by the plaintiffs to show constructive fraud were disclosed upon sworn testimony.   It would be difficult to conceive of a case where a better knowledge of the situation could be shown.   Even after the death of the life tenant, which occurred on February 24, 1901, the plaintiffs waited.   Still two years and eight months passed before the death of Fabens, which occurred October 24, 1903, and again the plaintiffs waited sixteen months more.   The master has found that " why this suit was not brought within the two years and eight months between the death of Margaret Allen and the death of William C. Fabens did not appear."

More briefly stated, it appears that by this bill the plaintiffs seek to avoid for fraud a transaction nearly a generation old, although at least for more than ten years they have known the facts as they now appear, and they have waited until the parties to the transaction have both died.   Such laches should be in equity a bar to the bill.   The plaintiffs must be remitted to their remedies at law if any they have.

*Decree affirmed.*