MARY A. MANNING & another *vs.* THADDEUS F. MULREY & others.

Suffolk.. March 27, 1906. — September 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Executor and Administrator. Equity Jurisdiction,* Fraud, Laches. *Equity Pleading and Practice,* Commissioner to report evidence.

In a suit in equity by an heir at law of an intestate to set aside a conveyance of real estate made by the administrator of the estate of the intestate through a third person to himself and to recover the plaintiff's share in the real estate

thus conveyed, there was evidence that the administrator represented the estate to be insolvent and was licensed to sell the real estate for payment of debts, that by previous arrangement he sold and conveyed the real estate for the nominal sum of $500 to the third person who as part of the same transaction conveyed it to the administrator in his own right for the same nominal price, that no money passed in the transaction, that the administrator filed a first and final account in which he charged himself with $500 as the proceeds of the real estate, that it was inventoried at $2,700, and he credited himself with payments and charges to the amount of $1,245.44, stating a balance due him of $700.44, that after due notice the account was allowed by a decree of the Probate Court more than twenty-two years before the filing of the plaintiff's bill, that the plaintiff was the niece of the administrator and her relations to him were such as to lead her to repose confidence in him and refrain from inquiry, that she had no more than constructive notice of the allowance of the administrator's account and did not know that the real estate had been conveyed to him until his death about one year and two months before the filing of the bill, supposing that he had had charge of the real estate as administrator of the estate of the intestate who also was her uncle, having been the brother of the administrator. The judge who heard the case upon oral testimony made a decree for the plaintiff, and the defendants, who claimed the real estate as devisees under the will of the administrator, appealed. *Held*, that the evidence warranted a finding that the sale by the administrator to himself was in fraud of the plaintiff's rights and therefore was void; that there could have been found to be actual fraud on the part of the administrator, and that the defendants could not be permitted to charge the plaintiff for sums expended by their testator in the payment of taxes or otherwise in the preservation of the real estate in question, these expenditures having been made in furtherance of his fraud; *also*, that the evidence warranted a finding that the plaintiff was not guilty of laches; and that the decree should be affirmed.

In a case of actual fraud mere delay on the part of the defrauded party seeking relief in equity, especially where there has been 'no change in the situation of the parties in respect to the matter in which the relief is sought, will not deprive him of his right to relief if until a short time before filing his bill he was ignorant of the fraud and had no knowledge of facts which in the exercise of reasonable prudence ought to have put him on inquiry.

In a suit in equity the allowance or denial of a motion for the appointment under Chancery Rule 35 of a commissioner to take and report the evidence is within the discretion of the judge hearing the case.

MORTON, J. One Michael Mulrey of Boston died intestate, unmarried and without issue in July, 1876, seised in fee of certain real estate situate in that part of Boston known as West Roxbury, and leaving, as his heirs at law, the plaintiff Carberry, the only child of a deceased brother James, the plaintiff Manning, two brothers John Mulrey and Michael S. Mulrey, children of a deceased brother Patrick, and a brother Timothy D. Mulrey, the father of the defendants. The brother Timothy was duly appointed administrator. He represented the estate to be in-

solvent and in November, 1879, was duly licensed to sell the real estate for payment of debts and sold and conveyed the same as such administrator, by previous arrangement, to one Dowd for the nominal sum of $500. Dowd as part of the same transaction conveyed the property to Timothy in his own right also for the nominal sum of $500. No money passed from Dowd to the administrator or from the latter to the former. At least there was evidence warranting such a finding. Timothy D. Mulrey died on June 11, 1901, leaving a will by which he devised the real estate in question to the defendants. The plaintiffs are heirs at law of Michael, and this bill, filed on August 21, 1902, has been brought to set aside, so far as they are concerned, the conveyances from Timothy as administrator to Dowd and from Dowd to Timothy, and to recover the plaintiffs' shares of the real estate thus conveyed. There was a demurrer which was overruled without prejudice to the right of the defendants to raise the same questions at the trial upon the merits. The defendants appealed but have not argued the demurrer, being apparently content to argue the same questions on the merits which they could properly do. We therefore treat the demurrer as waived. The bill was dismissed as to the plaintiff Manning, and a decree was entered in favor of the plaintiff Carberry from which also the defendants appealed. No appeal was taken from the decree dismissing the bill as to the plaintiff Manning. Since the bill was brought the defendant Thaddeus F. Mulrey has died intestate, unmarried, and without issue leaving one John R. Mulrey, a brother, as one of his heirs at law. John R. Mulrey was admitted on his petition as a party defendant, and after a hearing, which was the second hearing in the case, the bill was dismissed as to him. No appeal was taken from this decree. When Timothy was appointed administrator, he was also guardian of the plaintiff Carberry. It did not appear that he ever rendered any account as such guardian. On December 19, 1879, he rendered a first and final account as administrator, which after due notice was allowed by the Probate Court on January 12, 1880. In this account he charged himself with $500 as the proceeds of the real estate. It was inventoried at $2,700. And he was allowed payments and charges to the amount of $1,245.44, leaving a balance due him of $700.44.

The plaintiff Carberry testified, amongst other things, that she never knew that the land was Timothy D. Mulrey's till after his death; that she always supposed that it belonged to her uncle Michael's estate, and that her uncle Timothy had charge of it as administrator, and that her uncle Timothy never said anything to her about it nor she to him. All of the evidence was taken by a commissioner and is reported.

Without undertaking to review the evidence further we are of opinion that the presiding judge could have found that the sale by the administrator to himself was in fraud of the plaintiff Carberry's rights, and was therefore void. That, for aught that appears, is what he did find. It cannot be said that such a finding was clearly erroneous. *Regester's Sons Co.* v. *Reed*, 185 Mass. 226. *Dickinson* v. *Todd*, 172 Mass. 183. The defendants, assuming that the $500 with which the administrator charged himself is to be treated as proceeds of the sale, contend that the decree was erroneous in failing to allow them therefor, and also in failing to allow them for sums expended by the administrator in the payment of taxes and otherwise in the preservation of the estate. But the case is not that *simpliciter* of a purchase by a trustee of property belonging to his cestuis. There was, or could have been found to be, actual fraud on the part of the administrator. And neither his estate nor the defendants who stand in his shoes can be permitted to charge the plaintiff with sums paid and expenditures made in furtherance of his fraud.

Neither do we see how the plaintiff Carberry can be held as matter of law as the case stands to have been guilty of laches. A case of actual fraud stands differently from a case of a conveyance by a trustee to himself *simpliciter*. In a case of actual fraud mere delay, especially if unaccompanied by any change in the situation of the parties in respect of the matter in which relief is sought, will not deprive the defrauded party of the right to relief, so long as he remains ignorant of the fraud and has not such knowledge of facts as ought in the exercise of reasonable prudence to put him on inquiry. *Potter* v. *Kimball*, 186 Mass. 120. *Dunning* v. *Bates*, 186 Mass. 123. *Abbott* v. *Downs*, 168 Mass. 481. *Meader* v. *Norton*, 11 Wall. 442. *Vane* v. *Vane*, L. R. 8 Ch. 383. *Moxon* v. *Payne*, L. R. 8 Ch. 881. Perry on Trusts, (4th ed.) § 230. 18 Am. & Eng. Encyc. of

Law, (2d ed.) 115. In the present case the plaintiff Carberry testified that she did not know that the land had been conveyed to the administrator till after his death and that she supposed he had charge of it as administrator of her uncle Michael's estate. According to her testimony nothing occurred to put her upon inquiry. It does not appear that she had anything more than constructive notice of the account that was filed and allowed. It also could have been found that her relations with the administrator were such as to lead her to repose confidence in him and to refrain from inquiry. On the whole, though the matter is not free from doubt, we do not see that it can be said that the presiding judge erred as matter of law in finding, as he must have found, that the plaintiff was not guilty of laches. The facts in *Lindsey* v. *Fabens*, 189 Mass. 329, and in *Sawyer* v. *Cook*, 188 Mass. 163, differed materially from those in the case before us.

The defendants Mary, Elizabeth and Catherine further contend that the decree was erroneous in requiring them to convey to the plaintiff Carberry an undivided third. They base this contention on the fact that an undivided twelfth of the estate has passed by the death of Thaddeus to John and that, after a hearing which was granted to John on his petition after the case had been heard as to the other defendants, the bill was dismissed as to him. The grounds on which this action was taken do not appear, and therefore we do not see how it can be said that the decree was erroneous in ordering the other defendants to convey a third to the plaintiff Carberry.

The allowance or disallowance of the motion made by the defendants after the second hearing for the appointment of a commissioner to report the evidence taken at such hearing was clearly a matter within the discretion of the presiding judge. See *Silva* v. *Turner*, 166 Mass. 407.

*Decree affirmed.*

*P. H. Kelley*, for the defendants.
*J. F. Cronin*, for the plaintiff Carberry.