### In Equity.

### HERBERT SMITH vs. S. BENTON EMERY.

### York.    Opinion December 13, 1909.

*Account.   Accounting.   Equity.   Laches.*

An equity suit brought in 1907 to compel defendant to account as an equi-
table mortgagee under a deed from decedent recorded in 1897 was barred
by laches, where defendant's bond for a reconveyance, under which com-
plainant claims, was assigned in 1900 to one who assigned to complainant
in 1907, shortly after decedent's death, and delay in suing was not excused.

One seeking equity must do equity, by proceeding seasonably, while his
adversary has fair opportunity and means to defend.   He cannot purposely
wait until death or other cause of probable event has removed that oppor-
tunity.

In equity.    On report.    Bill dismissed.

Bill in equity for an accounting against the defendant whom he
claimed to be the equitable mortgagee of one Leonard Smith,
deceased, to whose rights he succeeded by assignment.    Reported
to the Law Court for determination.    The facts, as stated by Mr.
Justice BIRD who prepared the opinion are as follows:

This bill in equity is brought for the redemption of sundry parcels
of land from a conveyance alleged by complainant to be an equi-
table mortgage.    The case is before us on report for determination
upon bill, answer and proofs.

In the month of November, 1897 one Leonard Smith was the owner in possession of a homestead, a wood lot and one-fifth in common and undivided of a lot and store in Sanford and a wood lot and farm in Shapleigh.    The homestead was subject to.mortgages to defendant to secure the payment of notes for $1000 and $380, executed February 26, 1895, and March 8, 1897 respectively.    The store and lot were subject to a mortgage to defendant, to secure payment of a note of $380 executed July 15, 1897 and all the parcels were under mortgage to one Nason, dated September 10, 1896 to secure payment of a note for $900.    The interest upon all these notes was evidently in arrears.    Several judgments had been rendered against Smith which remained unsatisfied and he was liable upon sundry simple contracts.    He was financially embarrassed and applied to defendant early in November for a further loan to be secured by mortgage upon .all the parcels of real estate.    The defendant testifies, without contradiction, that he declined to make a loan upon mortgage or to make any further loan upon any mortgage security plaintiff could offer.    November 20, 1897, Smith executed and delivered to defendant a warranty deed of the five parcels of land and received from defendant his check for $553.43 and his bond in the penal sum of $3000.    The bond recites the agreement of defendant to convey to complainant the parcels of land conveyed to defendant by deed of even date and the agreement of Smith to pay the defendant the sum of $3000, in two years with interest semi-annually and is conditioned that, after payment of said sum and interest at or before the time due, and all taxes and expenses incurred by the obligor and at request of Smith, his heirs, etc., the obligor shall convey the real estate with good title to the obligee, his heirs, etc.    The bond further provides that the obligee shall have possession of the "premises until he shall have failed to perform the conditions of this bond."    There is evidence tending to show that the value of the property conveyed was from four to six or seven thousand dollars.    The check was at once applied to the satisfaction of executions in favor of one S. Pendexter and of one Nason for $236.95 and $215.01 respectively and in payment of the claim of one Crediford.    The deed was recorded November

27, 1897 and the bond October 19, 1906. December 6, 1897, defendant procured the assignment to himself of the Nason mortgage for the sum of $941. None of the mortgages above mentioned given by Smith earlier than November 20, 1897, appear to have been discharged of record and all of them, the notes secured thereby and the two executions uncancelled were produced and offered in evidence by defendant. Smith never offered nor made payment of $3000 and interest to defendant or any part thereof and died June 10, 1907. During his lifetime he remained in possession of the homestead and defendant is not shown to have exercised any dominion over the other parcels except that he received from the agent of the cotenants Smith's proportion of the net rents of the store for two years ending July 1, 1904, $36.27 and $38.20 respectively, and upon the destruction of the store by fire in April, 1905, he received from the agent one-fifth of the insurance—$396. Defendant states that the amounts received by him as rents he gave to Smith as a present. During the last year of his life Smith was sick and in need and distress and his wants were supplied by defendant, who, at his decease, provided for his burial.

Since the decease of Leonard Smith, defendant has repaired the homestead at an expense of some $400 or $500. Complainant urges that, in the event an accounting be ordered, the sums expended for the benefit of deceased and repairs by defendant cannot be allowed to him.

In January or February, 1899, A, an attorney at law, recovered in behalf of clients sundry judgments against Leonard Smith upon which he subsequently cited him to disclose. The disclosure proceedings were extended over a period of nearly a year and on August 7, 1900, deceased assigned his interest in the bond to A for the benefit of the judgment creditors. After the decease of Leonard Smith, July 15, 1907, A assigned without consideration the bond to complainant, the brother of deceased, the agent who collected the rents of the store and the insurance thereon and who, for many years has resided directly opposite the homestead.

June 26, 1907, complainant made written demand on defendant for an accounting.

*George W. Hanson,* for plaintiff.
*Cleaves, Waterhouse & Emery,* for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

BIRD, J. Complainant brings his bill of complaint for an accounting against defendant whom he claims to be the equitable mortgagee of Leonard Smith, deceased, to whose rights he has succeeded by assignment. The defendant denies the existence of a mortgage and claims that the transaction between himself and deceased was a conditional sale. The cause is reported to this court for the determination of all questions involved upon such of the evidence as is legally admissible.

A discussion of the evidence bearing upon the issue of mortgage or conditional sale will not be profitable, but it may be stated that upon all the evidence adduced this court would hesitate to declare that the complainant has shown that it was the intention of the original parties to the transaction to secure the payment of a debt.

The deed of deceased and the bond of defendant were made on the twentieth day of November, 1897, and the deed was recorded one week later. Sometime in the year 1899, A, an attorney at law, holding sundry executions against deceased, cited him to make the statutory disclosure of his affairs and proceedings under the citation were not closed until nearly a year later. At no time subsequent, however, did A make any attempt to satisfy his executions, by recourse to the real estate described in the bond and deed. On the seventh day of August, 1900, A took an assignment of the bond but, during the lifetime of deceased, neither made demand upon nor commenced proceedings against defendant for an accounting. On the nineteenth day of October, 1906, some months after deceased was seized with his last sickness, the bond (with the assignment) was first recorded.

The death of deceased occurred on the tenth day of June, 1907. Action thereafter is more rapid. Two weeks later, the complainant, alleging himself assignee of the bond, makes demand in writing

upon defendant for an accounting. The assignment from A to complainant bears the date of July 15, 1907, and the bill of complaint is sworn to the eighth day of October, 1907. It alleges no circumstances in explanation of the delay in the commencement of proceedings and none of a valid character appears in evidence. (See *Marsh* v. *Whitmore*, 21 Wall. 178 at page 185.)

Under all the circumstances of this case, we think the complainant is barred by the laches of his assignor. Seeking equity, the complainant "must do equity; must proceed seasonably while the other party has fair opportunity and means to defend. He cannot purposely wait until death or other cause of probable event has removed that opportunity. If it appears that by unnecessary delay he has placed the other party at a substantial disadvantage, the court will dismiss his suit:" *Clark* v. *Chase*, 101 Maine, 270, 274-275 and cases cited. *O'Brien* v. *Wheelock*, 184 U. S. 450, 493; See also *Lindsey* v. *Fabens*, 189 Mass. 329, 331; *Doane* v. *Preston*, 183 Mass. 569, 572.

The defendant in this case was as much entitled to the testimony of Leonard Smith as a defendant sued in a representative capacity: *Frost* v. *Walls*, 93 Maine, 405. That proceedings were delayed until his decease is a significant fact which cannot be overlooked under the circumstances of the case: *Alden* v. *Goddard*, 73 Maine, 345, 351.

*Bill dismissed with costs.*