WILLIAM E. FENNELL *vs.* J. COMER JONES POWER & PUMP Co. & another.

Suffolk.    February 3, 1930. — February 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* Laches, To relieve from fraud. *Estoppel.*

The bill in a suit in equity by a minority stockholder of a corporation against the corporation and one who held the remaining stock contained allegations that the defendant defrauded the corporation by selling to it at an excessive valuation a business previously conducted by him, and that his conduct of the business was offensive to the corporation's customers and therefore injurious to it. The plaintiff sought a receiver and an injunction. A master found that the allegations as to the defendant's conduct were not proved; that the defendant sold his business to the corporation in return for his stock about seven years before the filing of the bill; that the price was reasonable in view of the fact that he was selling a going business which thereafter was conducted at a profit, although the price was greater than the defendant could have obtained upon a liquidation; and that the plaintiff, as a member of the board of directors, voted to authorize the issue of the stock to the defendant, signed certificates of condition each year thereafter in which the property purchased by the corporation was valued at the sale price and, as an officer and director, participated in the active management of the corporation and shared in the dividends almost to the time of the filing of the bill, with knowledge of the defendant's ownership of the stock. The bill was dismissed. *Held,* that

(1) The plaintiff, by his acquiescence for so long in such condition of affairs, was not in a position to complain of it;

(2) The plaintiff had not established the material allegations in his bill;

(3) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on April 23, 1928, and described in the opinion.

The defendants demurred. Their demurrers were overruled by order of *Lummus*, J. The suit thereupon was referred to a master, material facts found by whom are stated in the opinion. By order of *Gray*, J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed from both decrees.

*J. S. C. Nicholls*, for the plaintiff.

*W. B. Grant*, (*W. M. Morgan* with him,) for the defendants.

SANDERSON, J. This is a bill brought by a minority stockholder against the corporation and the individual defendant Jones, who owns the balance of the stock therein. The plaintiff and Jones in March, 1921, organized the corporation to conduct a power and pump business. It took over the business which had been conducted under the same name for several years by Jones. The bill alleges that Jones in transferring the business to the corporation overvalued the business and good will, thereby perpetrating a fraud on the plaintiff, and that while the business was being conducted from 1921 to 1928 Jones's conduct was such that customers were dissatisfied, displeased and offended, to the injury of the corporation and to its financial loss. The prayers of the bill were for an injunction and a receiver. The answer, among other things, states that the plaintiff after resigning as president and director of the corporation in March, 1928, organized a new company in a competing business, and also sets up the defences of estoppel, statute of limitations and laches.

The master appointed found that there was no fraud intended by Jones, and that in view of the fact that he conveyed a going business which was conducted by the corporation for many years at a profit, the good will was

sold at a reasonable price; that in the sale of merchandise, furniture, tools and fixtures sold by Jones to the corporation the price was reasonable in view of the fact that he was selling a going business, although it was more than could have been obtained in liquidation of the business, and that the allegations as to the conduct of the business by Jones were not proved. He found that the plaintiff as president had signed and made oath to tax returns and certificates of condition from 1921 to 1928, in which the good will was carried at its original figure, and the furniture, fixtures and tools were carried at the price for which they were sold to the corporation, with some additions later made taken at cost.

The vote in 1921 of the board of directors, of which the plaintiff was a member, authorized the president and treasurer to issue one hundred fifty shares of stock to Jones for his property. The bill contains no allegation that any of the stock was illegally issued.

No error appears in the rulings of the master in admitting and excluding evidence, nor in his failure to make more specific findings or to include further findings in his report.

The question, whether the report should have been recommitted to the master, was addressed to the discretion of the trial judge and in his decision we find no abuse of that discretion.

No error appears in the interlocutory decree overruling the exceptions and confirming the master's report.

During the years from 1921 to 1928 the plaintiff participated in the active management of the corporation as president and director, receiving a substantial salary and sharing in the distribution of a dividend on the stock. He knew for more than six years before suit was begun that Jones held all the stock not owned by himself. ". . . long continued acquiescence in a course of conduct by one interested in it, especially when the rights of others are affected thereby, will induce the court to refuse him relief upon his subsequent complaint of it." *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, 500. *Doane* v.

*Preston*, 183 Mass. 569, 572.  Both for this reason and because upon the findings of the master the plaintiff has failed to establish the essential facts alleged in his bill, he is not entitled to the relief sought.

*Interlocutory and final decrees affirmed with costs.*