JAMES D. ROBERTSON *vs.* ELLA A. HIRSH & another.

Suffolk. April 13, 1931. — September 10, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Trust,* Resulting. *Attorney at Law. Agency,* Agent's duty of fidelity. *Equity Pleading and Practice,* Bill. *Limitations, Statute of. Equity Jurisdiction,* Accounting.

At the hearing of a suit in equity against the executrix of and devisee under the will of an attorney at law to establish a resulting trust in favor of the plaintiff in land exchanged with the plaintiff's consent for land purchased in the attorney's lifetime with money furnished by the plaintiff, a stenographer was appointed under G. L. c. 214, § 24; Equity Rule 29 (1926); and, upon testimony so reported it was *held,* that findings by the judge were warranted establishing such resulting trust and also that in the transaction the attorney made a secret profit.

Upon such findings, it was *held,* that a decree was warranted directing

(1) That the land taken in exchange for the parcel first purchased should be conveyed to the plaintiff;

(2) That there should be no credit to the defendant in the accounting for services rendered by the attorney during the period of his unfaithfulness;

(3) That the amount of secret profit, with interest thereon, be returned to the plaintiff;

(4) That income received by the attorney and the defendant from the real estate which was subject to the resulting trust be paid to the plaintiff.

The statute of limitations does not begin to run to bar a claim against an attorney at law for a secret profit made by him at the expense of his client until the client discovers the fact of such secret profit.

BILL IN EQUITY, filed in the Superior Court on March 12, 1930, and afterwards amended, described in the opinion.

The suit was heard in the Superior Court by *Gray*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926).

Material facts found by the judge are stated in the opinion. By his order a final decree was entered directing the defendant to convey the Newbury Street property to the plaintiff; directing her as executrix to pay to the plaintiff $8,778.53 ($5,000 and interest); and directing her individually to pay to the plaintiff $2,249.28 "upon an accounting . . . respecting the operation and management of said [Newbury Street] estate by" her "since the" death "of said William Hirsh."

The defendant appealed.

*R. Baldwin,* (*L. Black* with him,) for the defendant.

*C. A. Warren,* (*N. R. Voorhis* with him,) for the plaintiff.

WAIT, J. No novel questions are argued in this case. It is recognized law that an attorney in dealing with a client, or a trustee in administering a trust, cannot make a secret profit at the expense of the client or *cestui que trust.* If such profit is made it must be accounted for, and the offending attorney or trustee will not be allowed to retain charges for services during the period of unfaithful administration. See *Ball* v. *Hopkins,* 268 Mass. 260, 269, 271, 272; *Flynn* v. *Curtis & Pope Lumber Co.* 255 Mass. 352, 356; *Rolikatis* v. *Lovett,* 213 Mass. 545; *Little* v. *Phipps,* 208 Mass. 331, 333, 334. The trial judge in the Superior Court has found that, here, an attorney at law was by operation of law a trustee of real estate in a resulting trust for the plaintiff, his client, the beneficial owner of the property. The court, by its decree, has ordered the defendant, who is the executrix of the will of attorney and devisee of the property under his will, to convey the property to the plaintiff, to pay back amounts which he received for services, to return the secret profit, with interest, and, furthermore, to pay over the rents and profits of the property collected and retained by her as executrix and as legal holder of the title since his death. The defendant, properly, has

not argued the demurrer filed to the amended bill. The bill, as originally filed, set out a cause of equitable cognizance. The defence of multiplicity is untenable. The defendant if she held a bare legal title could be compelled to convey and to account for rents and profits received by her. Since the proof of the nature of her title involved the conduct of her testator and liability of his estate, no injustice is done by dealing with the matter of his secret profit and improper charges in the same proceeding. Multifariousness is not necessarily a good defence to a bill in equity. *Bliss* v. *Parks,* 175 Mass. 539, 543. *Robinson* v. *Guild,* 12 Met. 323, 328. See *Hermanson* v. *Seppala,* 255 Mass. 607, 610. The evidence disclosed that the plaintiff was ignorant of the secret profit until these proceedings had begun. The statute of limitations, therefore, did not bar recovery under the bill as amended to include the claim for its recovery. *Gould* v. *Emerson,* 160 Mass. 438, 440. *Dunning* v. *Bates,* 186 Mass. 123. *Manning* v. *Mulrey,* 192 Mass. 547, 550.

The defence is grounded on the contention that the evidence does not justify the decree with reference to the secret profit, the denial of allowance for services as attorney and as trustee in the accounting, and the requirement of repayment with interest. Detailed statement of the evidence is unnecessary. In substance it appears that the attorney purchased real estate on Boylston Street, in Boston, with money furnished by his client, and took title in his own name. He represented the price to be $125,000. Only $120,000 was paid to the seller. Later the attorney sold the Boylston Street property and purchased real estate on Newbury Street, representing to the client that an exchange of the properties had been made. He agreed that he would manage the Newbury Street property, would guarantee the client against loss, would advance necessary sums for carrying it and charge six per cent per annum on advances. He rendered monthly accounts of his management which included charges for services and for advances. At the time of his death the account showed a considerable sum due to him. He represented that in compliance with the

client's wishes he had conveyed the Newbury Street property to a daughter of the client subject to revocation by the client in his lifetime, but the judge properly found that no effective conveyance had been made to her. He had been paid various sums in connection with the acquisition of the Boylston Street property. The plaintiff testified that he furnished all that the attorney asked for to make up the payments called for by the agreement of purchase and sale of the Boylston Street estate. That agreement called for $50,000 beyond a first mortgage of $75,000. It specified certain bonds, stock, a mortgage on other property, and cash, which were to be taken in payment. These totalled $45,000. In addition the purchaser was to assume and to repay to a tenant $3,250 held by the seller as guaranty of payment of rent, "and the balance if any to be apportioned and paid at the time [of] passing papers." At a later date the plaintiff paid the $3,250 to the tenant; and some time after the passing of the papers, he settled with the attorney and paid to him, as he understood, what the adjustment called for. This justifies a finding that the attorney received $50,000 or what was then agreed to be its equivalent. The seller testified that his price was $120,000 and that he received it from the attorney. Five thousand dollars thus was received by the attorney more than he paid to the seller. The receipt of a secret profit is made out on the evidence. No dispute is made that the amounts set out in the decree are properly computed, if liability is established.

It follows that our order must be

*Decree affirmed with costs.*