Rescripts.

THOMAS A. SULLIVAN & others *vs.* MARY A. MORAN, administratrix. December 9, 1959.  Order allowing motion to dismiss affirmed.  This is a petition filed December 8, 1953, by three children and three grandchildren of Mary Sullivan to revoke a decree of October 2, 1933, allowing the first and final account of the administratrix of her estate to which all next of kin and the guardian of grandchildren assented.  It is alleged that the assent of the petitioners was given under a "misapprehension."  In a report of material facts the judge stated the history of the case and noted that no allegation was made of fraud, undue influence, or manifest error.  A motion to dismiss the petition, which we treat as a plea, was allowed "especially on the grounds of obvious laches."  The petitioners appealed.  There was no error.  See *Reynolds* v. *Remick*, 333 Mass. 1, 9–10; *Lindsey* v. *Fabens*, 189 Mass. 329, 331; *Thompson* v. *De Visser*, 219 Mass. 40, 43.

*John W. King*, for the petitioners.

*Kirk S. Giffen*, for the respondent.


EMMA S. GLOSS *vs.* WOLF GRABOWIECKI & others.  December 9, 1959.  Final decree is to be modified by striking out paragraphs 1, 2, and 3 and by substituting new paragraphs which are to provide that the plaintiff's easement extends only over the strip three feet three inches in width beyond the plaintiff's property.  As so modified the final decree is affirmed.  This is a bill in equity to enjoin the defendants from interfering with a strip of land three feet three inches in width over which the plaintiff claims to have acquired an easement by prescription.  This strip adjoins the property of the plaintiff and together with a strip four feet wide, the ownership of which is admittedly in the plaintiff by deed, forms a driveway seven feet three inches in width and has been used by the plaintiff as such since 1926.  From a reading of the subsidiary facts found by the master it is apparent that he found that the plaintiff had acquired a prescriptive right to use the strip three feet three inches wide adjoining the plaintiff's land, the record title of which was in the defendants Grabowiecki.  A decree was entered granting the relief prayed for and the defendants appealed.  The defendants do not challenge the decree on the merits but seek only to have it clarified.  We are of opinion that the decree is in need of clarification.  As paragraphs numbered 1, 2, and 3 of the decree now read, there is a possibility that it might be construed as giving the plaintiff an easement over the land of the defendants Grabowiecki seven feet three inches in width.  This is not in accordance with the subsidiary facts found by the master and the plaintiff does not assert any such right.  The final decree therefore should be modified by striking out paragraphs 1, 2, and 3 and by substituting new paragraphs which are to provide that the plaintiff's easement extends only over the strip three feet three inches in width beyond the plaintiff's property.  As so modified the final decree is affirmed.

*Earl Auerback*, for the defendants.

*Samuel J. Freedman*, for the plaintiff.