ON the twenty-seventh day of March, 1877, AUGUSTUS L. SOULE, Esquire, of Springfield, was appointed a justice of this court, in place of Mr. Justice DEVENS, resigned, and took his seat on the bench on the twenty-eighth day of the same month.

———

COMMONWEALTH, by Insurance Commissioner, *vs.* MECHANICS' MUTUAL FIRE INSURANCE COMPANY.

Suffolk.    March 28. — April 2, 1877.    AMES & LORD, JJ., absent. MORTON, J., did not sit.

An insurance company was enjoined by this court from doing business, and receivers were appointed. Assessments were laid upon the policy holders, who employed counsel to contest the validity of the assessments. The receivers, after paying losses and claims, had a large sum in their hands, which, after deducting expenses, was to be distributed among the policy holders. *Held,* that a petition of the counsel, to be paid for his services out of the funds in the hands of the receivers, would not lie.

PETITION IN EQUITY, that the receivers of the defendant company be ordered to pay the petitioner, out of the fund in their hands, for his services as solicitor in the cause. Hearing before *Endicott,* J., who found the following facts:

In December, 1872, the defendant company was enjoined from doing business, and receivers were appointed. Several hearings were had upon the petition for the injunction; and the petitioner was applied to by certain policy holders to appear at these hearings, and did so appear in their behalf.

In April, 1873, two assessments were laid upon the members of the company, the first to pay losses and debts, and the second to provide for the payment of unearned premiums due to the unexpired terms of policies, each assessment being for fifty per cent. of the statute liability. Application was made to this court to ratify or amend these assessments, and they were referred by the court to an auditor, who made a report approving the assessments, and a hearing was had in June, 1873. Some

time before this hearing, a meeting of all the policy holders was called by certain of their number, at one of the public halls in Boston ; this was not a meeting of the company called under its by-laws ; its officers did not issue the call, nor did they preside at or participate in the meeting. At this meeting a large number of the policy holders was present, it was voted to employ counsel, and a committee was appointed, who retained the petitioner, and he appeared in behalf of such policy holders, and filed objections to the auditor's report. Some of the objections were overruled, and the rest reserved for the determination of the full court. The case was argued before the full court, and is reported 112 Mass. 192, the petitioner arguing in behalf of the committee of policy holders against the assessments. The court ratified the first assessment, and annulled the second. The amount of the assessment set aside was $478,328.77.

The petitioner was not employed by the company in its corporate capacity, nor by its officers, nor by the receivers. The receivers, after paying losses and claims, had in their hands a balance of $244,014.62, which, after deducting expenses, was to be distributed among the policy holders. The judge also found that the petitioner rendered valuable service, for which a fair compensation would be $500; but, upon the facts found, ruled that he could not be paid out of the funds in the hands of the receivers, and declined to enter a decree to that effect.

Upon the request of the petitioner, the judge reported the case for the consideration of the full court. If the ruling was right, the petition was to be dismissed ; otherwise, a decree was to be entered for the petitioner for $500, to be paid out of the fund.

*L. M. Child*, *pro se*.

*W. C. Loring*, Assistant Attorney General, *contra*.

GRAY, C. J. The petitioner's services as solicitor were not rendered in relation to any trust fund, or in behalf of parties summoned in by the court to assert their claims to any fund in its custody, or in securing a fund to be distributed by the court, but in resisting the collection of assessments to increase the fund. No precedent or rule of practice has been referred to, which would justify a court of chancery in making an allowance for such services out of the fund obtained against such op-

position. The surplus of the assessments, not required for the payment of debts and of the expenses of the collection, stands as if it had not been collected; the petitioner has performed no services as to the disposition of this surplus; and the court has no duty in regard to it, except to order it to be repaid to the holders of policies. The petitioner must look for his compensation to the parties who employed him.          *Petition dismissed.*