GEORGE A. DAVIS & others *vs.* BAY STATE LEAGUE.

Suffolk.   January 31, 1893. — March 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Common Interest in Fund — Suit by one for the Benefit of all — Equity — Reimbursement of Outlay.*

When many persons have a common interest in a fund, and one of them, for the benefit of all, brings a suit for its preservation, and retains counsel at his own cost, a court of equity will order a reasonable amount to be paid to him out of the funds in the hands of the receiver in reimbursement of his outlay.

PETITION in equity, filed on November 16, 1891, and amended petition filed on November 9, 1892, asking for an allowance out of the funds in the hands of the receiver of the Bay State League, for counsel fees and expenses incurred in procuring the appointment of such receiver.   Hearing before *Lathrop,* J., who ordered an allowance to be made, and reported the case for the determination of the full court, in substance as follows.

Prior to November 16, 1891, certain members of the Bay State League had obtained evidence of fraud and mismanagement on the part of the officers, and, acting on this information, they retained counsel to begin proceedings against the order.   A receiver was appointed, and the counsel rendered valuable services, which resulted in saving a large amount of money for the certificate holders, and other creditors of the defendant order. The expenses were reasonable, and were properly incurred.

*S. L. Whipple & R. M. Stark,* for the plaintiffs.

No counsel appeared for the defendant.

FIELD, C. J.   In *Hobbs* v. *McLean,* 117 U. S. 567, 582, it is said, " When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the suit is brought will order that the plaintiff be reimbursed his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts."   The subject has been carefully considered in *Trustees* v. *Greenough,* 105 U. S.

527, and *Central Railroad & Banking Co.* v. *Pettus*, 113 U. S. 116.   This court has acted on this rule, not only in cases of express trusts under wills or other written instruments, but in a proceeding for the common benefit of many persons interested in the preservation of property.   *Amory* v. *Lowell*, 1 Allen, 504, 508. *Kinmonth* v. *Brigham*, 5 Allen, 270.   *Frost* v. *Belmont*, 6 Allen, 152, 164.   *Bowditch* v. *Soltyk*, 99 Mass. 136.   See *Baker* v. *Clarke Institution for Deaf Mutes*, 110 Mass. 88, 92 ; *Commonwealth* v. *Mechanics' Ins. Co.* 122 Mass. 421 ; *Cobb* v. *Rice*, 130 Mass. 231, 235 ; *Clark* v. *Sawyer*, 151 Mass. 64.   In all matters of insolvency the court has power under the statutes to award costs to be paid out of the estate which is the subject of the controversy, if justice and equity require it.   Pub. Sts. c. 157, § 140.   In probate cases the court has by statute the power to award costs and expenses to be paid out of the estate.   Pub. Sts. c. 156, § 35. St. 1884, c. 131.   See *Willard* v. *Lavender*, 147 Mass. 15.

We have no doubt of the power of the court in the present case to order a reasonable amount to be paid to the counsel for the petitioners out of the fund in the hands of the receiver, and we are of opinion that there should be a decree in accordance with the finding of the justice who reported the case.

*So ordered.*