ANDREW V. CARLSON & others *vs.* REVERE BEACH COUNTY FAIR AND MUSICAL RAILWAY COMPANY & others.

Suffolk.    March 28, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ. .

*Equity Pleading and Practice,* Costs, Counsel fees.    *Attorney at Law.*

The allowance or disallowance of counsel fees as between solicitor and client in a suit in equity is a matter wholly within the discretion of the court, whose action will not be revised on appeal unless it was wholly unwarranted or unless the discretionary power was exercised so arbitrarily as to make such action manifestly unjust.

BILL IN EQUITY, filed in the Superior Court on August 30, 1906, by several of the stockholders of the defendant corporation against the corporation and other stockholders and officers, alleging fraudulent conduct in its management and seeking the appointment of a receiver and a conservation and distribution of its assets.

The affairs of the corporation having been fully administered by a receiver, but there being undisposed of appeals by the plaintiffs from interlocutory decrees denying motions for additional counsel fees to be paid to their counsel, W. E. Ulmer, Esquire, the material facts relating to which are stated in the opinion, *Wait*, J., reported the case for determination by this court.

*W. E. Ulmer,* for the plaintiffs.

*F. L. Norton,* (*M. Jenney* with him,) for the receiver.

BRALEY, J.    It is stated in the record that the efforts and services of the counsel for the plaintiffs contributed materially in

obtaining under the foreclosure sale a substantial surplus over the amount due on the mortgage, and the receiver concedes that, all parties to the litigation having been benefited, a reasonable amount should be paid to him out of the fund before a general distribution is ordered.  *Davis v. Bay State League,* 158 Mass. 434. By an interlocutory decree from which no appeal was taken, the plaintiffs' counsel was allowed a certain amount which, not having been equal to the sum claimed, he again petitioned for the allowance of the remainder.  And an interlocutory decree having been entered denying the application, from which he appealed, we are asked to set it aside and to determine the merits of the question.  But whether such an allowance shall be made is discretionary, and where the discretion has been exercised by the trial judge no appeal would be sustained now to this court unless the action taken is shown to have been wholly unwarranted or so arbitrarily exercised as to be manifestly unjust, conditions not appearing in the case at bar. *Bond* v. *Fay,* 1 Allen, 212.  *Barnes* v. *Smith,* 104 Mass. 363.  *Cashman* v. *Bangs,* 200 Mass. 498, 504.

What has been said disposes of the plaintiffs' appeal from the interlocutory decree awarding costs to counsel for certain of the defendants, who also rendered services alleged and found to have been of value in conserving the property, and, whether after the death of one of these counsel this decree was modified in any way by a later decree directing that further payment be made to the administratrix of his estate, from which the plaintiffs did not appeal, need not be decided.

By the terms of the report the decrees appealed from should be affirmed.

*Ordered accordingly.*