WILLIAM J. O'BRIEN *vs.* JOHN P. O'BRIEN & others.

Worcester. February 28, 1921. — May 24, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Demurrer, Decree, Appeal. *Equity Jurisdiction,* Laches, Statute of limitations, Fraud. *Limitations, Statute of. Fraud. Corporation. Evidence,* Presumptions and burden of proof. *Deed.*

The record before this court in a suit in equity against three defendants upon an appeal by the plaintiff from a decree dismissing the bill disclosed only the following facts: Each defendant filed a demurrer and no other pleading. The de-

murrer of one defendant was heard and an order was entered that it be sustained and that " unless within two weeks leave shall be given to amend, a decree dismissing the bill shall be entered without further order." Two days after the expiration of the two weeks thus limited, another order was entered that "unless leave to amend the bill in this case is given on or before May 10, 1920, a decree is to be entered dismissing the bill with costs." On May 7, the plaintiff mailed a motion to amend to the clerk of courts, sending a copy to the judge who had sustained the demurrer. The judge returned the copy to the clerk on May 20. On June 30 the defendants moved for a decree in accordance with the order of the court and, upon the facts above stated, the motion was allowed and a decree was entered dismissing the bill as to all the defendants. *Held,* that

(1) The orders upon the demurrer in legal contemplation meant that the suit would be dismissed if leave to amend was not given in the time specified, and that, until an order was made, based upon proof that such action had not been taken, the court still might deal with the suit;

(2) While the better and more satisfactory practice would have been to have entered an interlocutory decree sustaining the demurrer or demurrers, the entry of the final decree in the circumstances imputed a sustaining of the demurrers;

(3) The freedom from error of the final decree depended upon whether the order sustaining the demurrer of one of the defendants was right;

(4) The merits of the order sustaining the demurrer were open upon the appeal from the final decree.

The allegations in a bill in equity by one, who had owned a minority of the shares of the capital stock of a Connecticut corporation and was its secretary and a director, against one, who, with his wife, also a defendant, had owned all of the remaining shares, was a director and the president, treasurer and general manager of the corporation, and against a Massachusetts corporation were that the plaintiff and the two individual defendants organized the Connecticut corporation in 1906, they being the only stockholders; that the corporation owned no property in Connecticut, but did own property in this Commonwealth, where it carried on a business and acquired a valuable good will; that the defendant manager professed to and in fact did act as agent and trustee of the plaintiff's interest in the corporation and that the plaintiff took no active interest in the management of the corporation, was not familiar with its affairs and merely, without question and whenever asked to by the defendant manager, signed such papers relating to the affairs of the corporation as the defendant manager presented to him; that in 1913 the plant was destroyed by fire; that the defendant manager applied money received from insurance upon the plant to the expenses of the organization and the payment of the capital stock of a new corporation under the laws of this Commonwealth with the same name as the Connecticut corporation, to which he caused to be conveyed under the name of the Connecticut corporation, without a vote of all of its stockholders and without notice to the plaintiff, all of the Connecticut corporation's real estate; that the Massachusetts corporation thereupon took possession of the good will and of all other assets of the Connecticut corporation and had continued to enjoy and use them; that the defendant manager then permitted the charter of the Connecticut corporation to lapse, and that it was liquidated and dissolved in 1916; that the plaintiff knew in a general way of the proceedings for the organization of the Massachusetts corporation but was informed by the defendant manager that the stockholders of the Connecticut corporation would receive shares in the Massachusetts corporation *pro rata* and

that his interest would be properly protected by the defendant manager; that, relying on such assurance, he took no steps and made no inquiries to assure himself of protection until shortly before the suit was begun when, upon inquiry, he learned that the defendant manager had caused all of the stock in the new corporation to be issued to himself, his wife and associates other than the plaintiff and at some time had caused practically all of his own stock to be issued to his wife in order to "hinder, delay and embarrass" the plaintiff in enforcing his rights, the wife accepting the transfer with full knowledge of the plaintiff's equities. The prayers of the bill were alternative, and were for an issuing to the plaintiff of his proportional share of the stock of the Massachusetts corporation, or for an adjudication of the invalidity of the deed from the Connecticut corporation, for a sale and for an accounting. The suit was brought in 1919. On demurrer by the defendants, it was *held,* that

(1) The suit was maintainable against all the defendants by reason of the breach by the defendant manager of his fiduciary relation to the plaintiff, of the transfer of his property to his wife with notice in order to hinder, delay and embarrass the plaintiff in the enforcement of his rights, and of the shares of stock in the defendant corporation standing in the name of the wife of the defendant manager which in equity and good conscience belonged to the plaintiff;

(2) The plaintiff did not have a complete and adequate remedy at law;

(3) The presumption of fact that the deed by the Connecticut corporation to the Massachusetts corporation was valid, which arose from the fact that it was regular in form and was under the corporate seal, was not conclusive but could be rebutted by evidence that the deed was unauthorized;

(4) In the circumstances, an application by the plaintiff as a stockholder to the Connecticut corporation for redress of his wrongs would have been futile, and therefore it was not a necessary prerequisite to the bringing of the suit;

(5) The plaintiff was not barred by laches nor by the statute of limitations;

(6) In the circumstances, the fact that the plaintiff was a director and the secretary of the Connecticut corporation did not preclude him as a matter of law from maintaining the suit.

BILL IN EQUITY, filed in the Superior Court on December 22, 1919.

The allegations of the bill are described in the opinion. Those relating to the fiduciary relation between the plaintiff and the defendant John P. O'Brien were as follows: "The defendant, John P. O'Brien, professed to and did in fact act as agent and trustee of the plaintiff's interest in said corporation and during all the time that said corporation continued active business, held the offices of president and treasurer and acted as general manager and had full control of all the affairs of said corporation, and the plaintiff, though he continued to be nominally a director and secretary of the corporation, took no active part in the management thereof, was not familiar with its affairs and his only connection with its business was to sign such papers relating to the affairs thereof as

were presented to him by the said defendant John P. O'Brien, which he did without question and whenever such action was suggested by the said defendant, John P. O'Brien."

The defendants severally demurred upon two grounds. The first ground set up by each of the individual defendants was " that it appears that the plaintiff has a complete, plain and adequate remedy at law." The first ground set up by the corporate defendant was, " that the plaintiff has not stated in his bill such a cause as entitled him to relief in equity against this defendant." The second ground was the same in all the demurrers, and was, " that if the plaintiff ever had any such claim or demand as he sets forth in his bill the same has long since been barred by the laches of the said plaintiff and his long delay in the premises, and he should not now be permitted to assert such claim in a court of equity."

The demurrer of Margaret O'Brien was heard by *Hammond,* J. Orders entered therein by his direction are described in the opinion.

The defendants on June 30, 1920, jointly filed a motion " that a decree be entered in accordance with the order of the court."

The case then was heard by *Bishop,* J., who at the request of the plaintiff, reported facts found by him, which were the following:

" I find that on May 7, 1920, counsel for the plaintiff mailed a motion to amend and his proposed amendment to the clerk of the courts at Worcester and on the same day mailed a copy of the motion and the proposed amendment to Mr. Justice Hammond at the court house, Boston, with the request that the motion be allowed and sent to the clerk of the courts.

" On May 20, 1920, *Hammond,* J., without taking action on the motion, returned it to the clerk of the courts at Worcester.

" On June 30, 1920, the defendant filed a motion that a decree be entered in accordance with the order of the court. Thereafter counsel appeared before me and were heard on the motion. I found as a fact that leave to amend the bill was not given on or before May 10, 1920, and had not been given at any time, and on August 23, 1920, I allowed the defendant's motion and ordered a decree to issue dismissing the bill with costs."

A final decree was entered accordingly, and the plaintiff appealed.

The case was submitted on briefs.

*J. P. Carney, H. W. Blake & R. W. Simonds,* for the plaintiff.

*P. H. Murray & W. A. Loughlin,* for the defendants.

RUGG, C. J.   This is a suit in equity concerning shares of capital stock in a corporation.   There are three defendants.   Each filed a separate demurrer, all of them being of the same tenor.   No action except the final decree dismissing the bill appears to have been taken upon the demurrers of the defendants other than upon that of Margaret O'Brien.   Upon her demurrer an order was made to the effect that the demurrer be sustained, and that " unless within two weeks leave shall be given to amend, a decree dismissing the bill shall be entered without further order."   Two days after the expiration of the two weeks thus limited, another order was entered that " unless leave to amend the bill in this case is given on or before May 10, 1920, a decree is to be entered dismissing the bill with costs."   Those orders in legal contemplation mean that the cause will be dismissed if the action in question is not taken within the time specified, and that until an order based upon proof is made that such action has not been taken, the court still may deal with the case.   *Loonie* v. *Wilson,* 233 Mass. 420, 423. *Plaisted* v. *Cooke,* 181 Mass. 118.

There was a finding of fact that there was no compliance with either of those orders.   No interlocutory decree was entered.   A final decree was entered dismissing the bill as to all the defendants without any recital as to the grounds upon which it was entered. The plaintiff's appeal from the final decree brings the case here.

The better and more satisfactory practice would have been to have entered an interlocutory decree sustaining the demurrer.   A mere order sustaining or overruling the demurrer has been treated as the equivalent of an interlocutory decree.   *Parker* v. *Flagg,* 127 Mass. 28.   *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 33.

Since the only pleadings filed by the defendants were demurrers, and since the decree in dismissing the bill was final in the sense of disposing of the whole case without reservation of any sort, *Corbett* v. *Craven,* 193 Mass. 30, there is ground for the contention that the plaintiff may proceed in this court on the presumption, as to the defendants other than Margaret O'Brien, that the final decree was in substance and effect a decree sustaining the several demurrers of those defendants, see *Keown* v. *Keown,* 231 Mass. 404,

408, *Capaccio* v. *Merrill,* 222 Mass. 308, *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 160, and that his appeal seasonably taken and prosecuted opens to him to argue the merits of his bill as put in issue by the demurrers of those defendants. The entry of a final decree dismissing a bill with costs when the only pleading filed by the defendant is a demurrer imports a sustaining of the demurrer in the absence of anything either on or outside the record to indicate any other ground. The usual and proper practice, however, is an interlocutory decree sustaining the demurrer.

The merits of the demurrer are open for another reason. The final decree was entered because the plaintiff failed to amend his bill in accordance with the orders to that end. Although no appeal was taken by the plaintiff from the order sustaining the demurrer of Margaret O'Brien, nevertheless, interlocutory decrees not appealed from are open to revision on appeal from a final decree so far as such final decree is erroneously affected thereby. R. L. c. 159, § 26, now G. L. c. 214, § 27. The only ground for the order for a final decree dismissing the bill, so far as disclosed by the record, was that the bill was demurrable for the reasons set forth by the demurrer of Margaret O'Brien. There was no occasion for the plaintiff to amend his bill, if it were not defective for those reasons. Therefore the freedom from error of the final decree depends upon the question whether the order sustaining the demurrer of Margaret O'Brien was right. It is open to revision here and now. *Cowley* v. *Jean,* 189 Mass. 220, 225, 227. *Harrell* v. *Sonnabend,* 191 Mass. 310. *Lyons* v. *Elston,* 211 Mass. 478, 482. *Fay* v. *Corbett,* 233 Mass. 403, 410.

The substantial allegations of the bill are that in 1906 the plaintiff and the two individual defendants organized under the laws of Connecticut a corporation named the Otter River Board Company, of which the three constituted all the stockholders and officers; its capital stock was $28,000, divided into two hundred and eighty shares, each of the par value of $100, of which the plaintiff held ten, the defendant Margaret O'Brien ten, and the defendant John P. O'Brien two hundred and sixty shares; it had no tangible property in the State of its domicil but had real estate and machinery and conducted business at Templeton in this Commonwealth; that it built up a successful business and acquired a

valuable good will; that in 1913 its plant was destroyed by fire; that in 1913 the defendant John P. O'Brien, instead of liquidating the Connecticut corporation, applied insurance money received by reason of the fire to the organization and payment of the capital stock in a Massachusetts corporation of the same name as that of the Connecticut corporation, and caused to be conveyed by deed in the name of the Connecticut corporation, without vote of its stockholders and without notice to the plaintiff, all its real estate to the Massachusetts corporation; that the Massachusetts corporation took possession of the good will and other assets of the Connecticut corporation and has continued to enjoy and use them; that John P. O'Brien allowed the charter of the Connecticut corporation to lapse by failing to file required returns, and that that corporation was legislated out of existence in 1916; that the defendant John P. O'Brien professed to and did act as agent and trustee of the plaintiff's interest in the Connecticut corporation during its active business; that the plaintiff knew in a general way of proceedings for the organization of the Massachusetts corporation, " but was informed by the defendant John P. O'Brien that the stockholders of the old corporation would receive stock in the new corporation to an amount *pro rata* to that held by them in the old corporation and that his interest therein would be properly protected by the said John P. O'Brien, and relying upon said assurance took no steps or made no inquiries to find out as to whether that arrangement had been actually carried out until recently when, upon inquiry, the plaintiff ascertained that instead of issuing stock in the new corporation to the holders of stock in the old *pro rata* to the amounts of stock previously held by them, defendant John P. O'Brien had caused all the stock of said Massachusetts corporation to be issued to the . . . individuals associated with him in the formation of said new corporation and had appropriated all of the plaintiff's interest therein to himself regardless of the plaintiff's rights; . . . that at some time to the plaintiff unknown, the defendant John P. O'Brien either transferred or caused to be originally issued to one Margaret O'Brien, his wife, all or substantially all of his stock in the corporation including that wrongfully issued in place of the plaintiff's stock, and the said John P. O'Brien made this transfer fraudulently and with the intent to hinder, delay and embarrass the plaintiff in recovering his

said stock or the value of his interest in the said corporation; and the said Margaret O'Brien accepted the transfer of said stock and received the same with full knowledge of all the plaintiff's equities in the matter."

There are alternative prayers for the issuance to the plaintiff of his proportional share of the stock of the Massachusetts corporation, for an adjudication of the invalidity of the deed from the Connecticut to the Massachusetts corporation and sale thereof under order of the court for distribution among stockholders of the Connecticut corporation, for an accounting and for other relief.

The bill sets out a cause for relief in equity. There are averments of fiduciary obligations on the part of the defendant John P. O'Brien to the plaintiff, breach of that trust to the harm of the plaintiff, conversion of the trust *res* by that defendant, transfer of his property to the defendant Margaret O'Brien on a secret trust in order to hinder and defeat the claim of the plaintiff, all to the knowledge of the defendant Margaret O'Brien, and shares of stock in the defendant corporation standing in the name of the defendant Margaret O'Brien which in equity and good conscience belong to the plaintiff. An action at law affords no adequate relief for such fraudulent conduct. It is the peculiar province of equity to adjust the rights of the parties under such circumstances. *Rioux* v. *Cronin,* 222 Mass. 131. *Parker* v. *Nickerson,* 112 Mass. 195. *Cohen* v. *Levy,* 221 Mass. 336. *Lyon* v. *Wallace,* 221 Mass. 351. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330. The defendant John P. O'Brien as director occupied a position of trustee toward the plaintiff as stockholder in the Connecticut corporation. *Elliott* v. *Baker,* 194 Mass. 518, 523. In addition there is express averment of a trust on his part.

The conveyance of real estate by the Connecticut corporation, being regular in form and under the corporate seal, is presumed to be regular. *Lamson* v. *Coulson,* 234 Mass. 288, and cases cited at page 292. Nevertheless that is only a rebuttable presumption and it is open to proof that it was unauthorized.

It being alleged that the Connecticut corporation is no longer in existence, no application could be made to it by the plaintiff to redress his wrongs and it could not have been made a party. All its stockholders on the averments of the bill are made parties. Manifestly it would have been idle for the plaintiff to ask relief

of the defendants. *Converse* v. *United Shoe Machinery Co.* 209 Mass. 539. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 593.

The defendant Massachusetts corporation is a proper party, if in the end it should be held that stock in it in truth belonging to the plaintiff stands in the name of either of the other defendants. *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279, 281.

By demurrer advantage can be taken of laches shown on the face of the bill. *Doane* v. *Preston,* 183 Mass. 569. The case at bar does not come within that principle. The suit was brought more than six years after the initial wrong of which complaint is made. The statute of limitations is as applicable in equity as at law. , *Bremer* v. *Williams,* 210 Mass. 256. These facts are overcome by the averments of the bill. It is alleged that the plaintiff was ignorant of the breach of trust by the defendants until shortly before the present proceeding was instituted. The plaintiff is held to diligence in action after the discovery of the facts, but there cannot be laches so long as there is no knowledge of the wrong and no failure to avail oneself of reasonable opportunities to ascertain the facts. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 201. *Dunning* v. *Bates,* 186 Mass. 123. *Manning* v. *Mulrey,* 192 Mass. 547, 550, 551.

The circumstance that the plaintiff was himself a director and secretary of the Connecticut corporation, although important as matter of evidence and in determining issues of fact which may arise, is not decisive against him as matter of law. It is, nevertheless, possible that a trust relation may have existed between him and John P. O'Brien and that the latter has been faithless toward him.

It follows that the decree dismissing the bill must be reversed and the case stand for further consideration.

*So ordered.*