BARDEN CREAM & MILK Co. *vs.* DONALD H. MOONEY & others.

Middlesex.     November 14, 1939. — March 28, 1940.

Present: FIELD, C.J., DONAHUE,. LUMMUS, DOLAN, & RONAN, JJ.

*Fraud. Equity Jurisdiction,* To relieve from fraud. *Corporation,* Officers and agents. *Conspiracy. Joint Tortfeasors.*

Plotting by officers of a corporation to deprive it of its customers and so of its good will, followed by acts done by them in pursuance of the conspiracy after they had left its employ, were a breach of trust and tortious although they were under no contractual obligation to continue in such employ, and rendered them, and also another corporation and its controlling stockholder who joined with them in such wrongful conduct, liable to the first corporation for the value of its good will.

BILL IN EQUITY, filed in the Superior Court on September 29, 1936, and afterwards amended, against the defendants Mooney, Beebe and Dairy Products, Inc., described in the opinion, and seven men who had been drivers for the plaintiff.

The master in his report found that the drivers were not liable to the plaintiff.

On October 4, 1937, Harry J. Mitchell, who had been appointed trustee in bankruptcy of the plaintiff, was allowed to prosecute the suit for and in behalf of the plaintiff.

The interlocutory and final decrees were entered by order of *F. T. Hammond,* J.

*J. G. Crane,* for the defendant Beebe.

*C. S. Walkup, Jr.,* for the plaintiff.

LUMMUS, J.     A master has found the facts. The plaintiff corporation was formed in 1935 to continue the wholesale milk and cream business of a bankrupt corporation. The defendant Rodney T. Mooney held nearly all the stock, and he and his son Donald H. Mooney managed the business and held all the offices, except that one Dwyer was a director. The financial condition of the plaintiff was bad, it owed

Dwyer $2,500 for money lent, and it was unable to meet its obligations in the ordinary course of business. But it had a valuable good will.

The defendant Beebe owned all the stock of the defendant Dairy Products, Inc. (now called Bay State Dairies, Inc.), selling cream at wholesale in Boston. The Mooneys and Beebe conspired to obtain for Bay State Dairies, Inc., the plaintiff's good will without paying for it. The plan that was carried out was simple. Keeping their intentions a secret from Dwyer, from the attorney for the plaintiff, and from others financially interested, on Saturday afternoon, September 26, 1936, the Mooneys resigned their offices and left the employ of the plaintiff. The plaintiff's drivers, who were the only persons having knowledge of the customers, were told by the Mooneys to report Sunday morning at T Wharf. At that time and place trucks loaded with bottled milk furnished by Bay State Dairies, Inc., were in readiness to serve the customers of the plaintiff. From that time Bay State Dairies, Inc., has served all the customers of the plaintiff that it has been able to hold. The Mooneys and most of the drivers continue to work for Bay State Dairies, Inc. The plan carried out left the plaintiff without drivers, and it was unable to do business after September 26, 1936. Neither the Mooneys nor the drivers were bound by contract to continue in the service of the plaintiff.

The master assessed damages against the two Mooneys, Beebe and Bay State Dairies, Inc., in the amount of $4,000 for depriving the plaintiff of its good will in the manner described. The master's report was confirmed, and a final decree was entered ordering the defendants just named to pay such damages with interest from September 27, 1936, with costs. The defendants Beebe and Bay State Dairies, Inc., appealed. The latter has withdrawn its appeal after entry in this court.

Plotting, while occupying positions of trust and confidence with the plaintiff, so to deprive it of its existing business and good will, was a tortious act and a breach of trust on the part of the Mooneys, though they were under no contractual obligation to continue in the plaintiff's service. *Essex Trust*

*Co.* v. *Enwright,* 214 Mass. 507.  *Lazenby* v. *Henderson,* 241 Mass. 177.  *Guay* v. *Holland System Hull Co.* 244 Mass. 240. *Baker* v. *Allen,* 292 Mass. 169, 172, 173.  *McCourt* v. *Singers-Bigger,* 145 Fed. 103.  *Storey* v. *Excelsior Shook & Lumber Co. Inc.* 198 App. Div. (N. Y.) 505.  *Meinhard* v. *Salmon,* 249 N. Y. 458.  Joining with the Mooneys in that wrongful conduct made Beebe and Bay State Dairies, Inc., equally liable.  *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 476. *Lazenby* v. *Henderson,* 241 Mass. 177, 181.  *Guay* v. *Holland System Hull Co.* 244 Mass. 240, 247.

The good will of the plaintiff, the master found, could have been sold to a competitor better able to conduct business at a profit.  No error is shown in the assessment of damages. Neither is there cause to sustain any of the exceptions of the defendants to the master's report that have been argued.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*