Lemire, James R., J.

BACKGROUND

This action was brought by Paul Pantazis (Paul) in which he claims that the defendants as trustees of the New Deal Realty Trust (“NDR Trust” or the “Trust”) breached certain duties to the Trust and to its beneficiaries. The court after a juiy-waived trial entered judgment for the plaintiff and ordered both defendants to pay substantial amounts to the Trust.
Additionally, this court ordered that the plaintiff was entitled to be reimbursed from the assets of the NDR Trust for attorneys fees incurred in his successful prosecution of his claims against the Trustees.[1] The plaintiff has filed an application for an award for attorneys fees and costs in the amount of $557,427.53 and expert costs in the amount of $60,702.94.
After hearing and upon consideration of the arguments of the parties, the motion record and the authorities relied upon, the plaintiffs application is ALLOWED IN PART and DENIED IN PART.

DISCUSSION

A trial judge has broad discretion in determining what is a reasonable amount to award a party for attorneys fees. Berman v. Linnane, 434 Mass. 301, 302-03 (2001). The focus of the award is on neither the bill submitted nor the amount in controversy. Id. at 303. To determine the reasonableness of the fee, the court uses the “lodestar” approach. Fontaine v. EBTEC Corp., 415 Mass. 309, 324 (1993). Under the “lodestar” approach, the court multiples the “number of hours reasonably spent on the case times a reasonable hourly rate.” Id. The party seeking attorneys fees bears the burden of establishing the reasonableness of both the hourly rate and the number of hours billed. See Society of Jesus of New Eng v. Boston Landmarks Comm’n, 411 Mass. 754, 759 (1992). “In making this calculation, the court should consider the time counsel spent on the case exclusive of hours that are excessive, redundant, duplicative, or unproductive.” T&D Video, Inc. v. Revere, 66 Mass.App.Ct. 461, 476 (2006), reversed on other grounds, 450 Mass. 107 (2007). When reviewing a party’s request for attorneys fees, the judge is not “required to review and allow or disallow each individual item in the bill,” rather the judge may consider the bill in its entirety. Berman, 434 Mass. at 303.
When determining whether the award of attorneys fees is reasonable, the judge should consider the following factors: (1) the length of the trial; (2) the difficulty of the legal and factual issues involved; (3) the degree of competence shown by the attorney; (4) the nature of the case; (5) the time and labor required; (6) the amount of damages involved; (7) the result obtained by the attorney; (8) the experience, reputation, and ability of the attorney; (9) the usual price charged by other attorneys in the area for similar services; and (10) the amount awarded in similar cases. Heller v. Silverbranch Constr. Corp., 376 Mass. 621 (1978); Linthicum v. Archambault, 379 Mass. 381, 388-89, (1979), overturned on other grounds, Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 418 Mass. 737 (1994). In determining the reasonableness of the fee, no one factor is dispositive, and a factor-by-factor approach although helpful, is unnecessary. Berman, 434 Mass. at 303.[2]
As pointed out in the plaintiffs memorandum, this case took almost ten years to resolve and involved complex legal and factual issues that justify most of the fees and expenses incurred. The result obtained by the plaintiff for the benefit of the NDR Trust was substantial. The judgment with interest totaled approximately $11,000,000.00.
The plaintiff presented evidence on four distinct factual issues each involving significant evidentiary challenges, the use of substantial legal time and the need for assistance by expert witnesses.[3] The plaintiff was required to recreate much of the history of the NDRTrust because the trustees had destroyed records of the trust.
The case also involved complex legal issues that required substantial research and analysis. This case was atypical, in that, in addition to proving how much money the trustees, had misappropriated from the trust assets, this case also required proof by the plaintiff that NDRTrust property was encumbered by mortgages for the benefit ofTsourides’ personal business. This necessitated proof by the plaintiff of the amount of profits the trustee or her affiliates produced during the relevant period as well as a determination of that portion of the profits attributable to misuse of the trust assets.
The plaintiff was able to prove at trial that the trust law principles forbade the trustees from using the trust assets in the manner they were used by the defendants. The case was tried by highly competent attorneys on both sides. Their ability to analyze and present the complex evidence in a succinct and understandable fashion to the court was remarkable. I find that the hourly billing rates as presented in the attachments to the application are appropriate and reasonable considering the experience and competency of the attorneys handling this matter.[4]

Kotin, Crabtree and Strong LLP Attorney Fees:

The plaintiff is requesting an award of attorney fees and expenses for the services of Kotin, Crabtree and Strong LLP (Kotin) in the amount of $96,205.85. I accept the defendants’ argument that the finance charges included in this figure are not appropriate and exclude finance charges in the amount of $2,449.72. This court accepts the balance of the fees and costs as reasonable and necessary and I award *285 the fees and costs from Kotin in the amount of $93,756.13.

Davis, Malm and D’Agostine Attorney Fees:

The plaintiff is requesting attorney fees and expenses for the services of Davis, Malm and D’Agostine (Davis) in the amount of $461,221.68. Based on the affidavit submitted by the plaintiffs lead counsel, Gaiy S. Matsko, I find that the hourly rates billed by Davis are reasonable.
The defendants object to the duplicative nature of the charges by Davis and argue that they should not be responsible for the costs attributable to the effort by successor counsel to absorb the work performed by former counsel. Toward this end the court scrutinized the billings of Kotin and Davis with an eye to deduct for unnecessary duplication. Other than the two exceptions noted below, I do not find that further deductions from the Davis charges are required. The highly complex nature of the legal and factual issues justified the billed hours by Davis.
I accept the defendants’ argument that the time devoted to inventorying and reviewing of the Kotin file should not be a cost borne by the defendants. The work, while necessary, was caused because the plaintiff chose to change counsel.[5] Additionally the review of Alice Tsourides’ deposition by Davis lawyers while duplicative of services previously billed by Kotin was also performed by four individuals at Davis over approximately 2 1/2 years. While the court is mindful of the practical reality in such review, I find it unnecessary duplication and will exclude the amount billed for this service by Davis.[6] As such, the court will exclude $16,463.75 from Davis’ requested fees and award to the plaintiff the balance of the requested amount as reasonable and necessary fees and costs for Davis in the amount of $444,757.93.

Expert Fees:

The plaintiff has requested expert fees and costs for the services of Jeffrey F. Folan, CPA and Jerrold P. Katz[7] in the amount of $60,702.94. The defendant John Pantazis argues that the testimony of Katz did not apply to claims against him and should not be taxed against him. Alice Tsourides argues that the lack of legal justification for the taxation of expert fees is fatal to the plaintiffs request for the same. Addressing both defense arguments, I find that like the attorneys fees, the expert fees should be borne by the NDR Trust as they benefited the trust generally. It was clear from the trial, that the testimony of both expert witnesses were crucial to the plaintiffs case and I find that the expenses incurred for the experts resulted in a benefit for all the beneficiaries of the NDR Trust. I order that the expert fees totaling $60,702.94 should be paid from the Trust.[8]

Fees Relating to Motion to Amend and Post Trial Matters:

The defendants contest the award of fees for time spent on a failed motion to amend and on post-trial matters. This court finds that these matters also require reimbursement from the Trust. The plaintiff provided all the funds to pursue this lengthy and complicated litigation for the benefit of the Trust. The motion to amend and post-trial matters to date I find were reasonable and necessary efforts by the plaintiff on behalf of the NDR Trust and equity requires the Trust to bear the expense.

Order

For the foregoing reasons, it is hereby ORDERED that the plaintiff is awarded reasonable attorneys fees, expert fees and costs incurred in maintaining this action in the amount of $599,217.00. These fees and costs shall be paid from the Trust funds. Further these fees and costs shall be the first monies distributed from the Trust, and shall be distributed prior to division of the Trust proceeds among the beneficiaries.

 John Pantazis argues that the plaintiff failed to apportion the requested fees and costs between the defendants. The court rejects this argument because it was determined by this court that the efforts of the plaintiff benefited the NDR Trust generally. See Davis v. Bay State League, 158 Mass. 434, 434-35 (1893). For this reason the court finds that no apportionment is necessary.

Consideration of the above mentioned factors are still necessary when using the “lodestar” method of calculating attorneys fees. Siegel v. Berkshire Life Ins., Co., 64 Mass.App.Ct. 698, 706 n.8 (2005).

At trial the plaintiff presented evidence regarding the following factual issues: 1) Misuse of trust assets by Tsourides for the benefit of her personal business (Marine USA); 2) The profits of Marine USA and its affiliates; 3) Proof of the Tsourides family’s contributions; and 4) The existence and magnitude of the missing NDR Trust assets.

The defendants raise the issue that the fees paid to Kotin, Crabtree and Strong LLP in the amount of $96,205.85 were unsupported by an affidavit stating that the rates were fair and reasonable. The hourly rates billed by Kotin, Crabtree and Strong ranged from $200 per hour from 1999 to 2005 and increased to $275 per hour in 2005. The plaintiff submitted an affidavit reflecting that Attorney Kelley of Kotin was admitted to practice in the Commonwealth in 1974 and that he specialized in commercial litigation. I find the rates charged by Kotin to be fair and reasonable considering the complexity of the legal and factual issues involved in this case and the experience of Attorney Kelley.

Che amount billed for this service was $7,146.50.

Che amount billed for this service was $9,317.25.

Che amount submitted for the services of Jeffrey F. Folan, CPA was $23,677.54. The amount submitted for the services of Jerrold P. Katz was $37,025.40.

See Shaw v. Harding, 306 Mass. 441, 450 (1940).